1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH LLP
2  1255 Powell Street
   Emeryville, California 94608
3  Telephone:  (415) 348-6000
   Facsimile:  (415) 348-6001
4  Email:      jkirsch@gibsonrobb.com

5  Attorneys for Plaintiff
   LIBERTY MUTUAL INSURANCE COMPANY

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  LIBERTY MUTUAL INSURANCE          Case No. 2:22-cv-07170
    COMPANY, a corporation,
12                                    **COMPLAINT FOR NON-
                                      DELIVERY OF OCEAN CARGO**
13           Plaintiff,
                                      _____
14                                     
        v.                             (Damages in the sum of $71,470.10)
15

16  TRANSCON SHIPPING CO., INC., a
    corporation; and DOES 1 to 10,
17

18           Defendants.

19

20       Plaintiff's complaint follows:

21       1.      Plaintiff LIBERTY MUTUAL INSURANCE COMPANY

22  ("Plaintiff"), is now, and at all times herein material was, a corporation organized

23  under the laws of Massachusetts and headquartered in Massachusetts, duly

24  organized and existing by virtue of law.  Plaintiff was the insurer of the cargo that is

25  the subject of this action.

26  / / /

27  / / /

28  / / /

---

COMPLAINT FOR NON-DELIVERY OF OCEAN CARGO
Case No. 2:22-cv-07170; Our File No. 5479.63

2.     Plaintiff is informed and believes, and on the basis of that information and belief alleges, that TRANSCON SHIPPING CO., INC., a corporation; and DOES ONE through TEN, (hereafter "Defendants"), are now and at all times herein material were, engaged in business as common carriers for hire within the United States and within this judicial district.

3.     The true names of defendants sued herein as DOES ONE through TEN, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

4.     Plaintiff's complaint contains a cause of action for non-delivery of cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. 30701, *et seq*., and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein.  Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.  Venue is proper under 28 U.S.C. § 1391(b).

5.     This is a cause of action for non-delivery of ocean cargo, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

6.     Plaintiff is informed and believes, and on the basis of such information and belief alleges that, on or about November 28, 2021, at Taoyuan, Taiwan, Defendants, and each of them, received a shipment of sewing machines and parts for carriage under bill of lading number AOB2109483, and others, issued by and/or on behalf of said defendants, as well as a shipment of sewing machine heads for carriage under bill of lading number AOB2109484, and others, issued by and/or on behalf of said Defendants.  Defendants, and each of them, agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from

1   Taoyuan, Taiwan to New York, New York, and there deliver said cargo to the

2   lawful holder of the aforementioned bills of lading, and others, in the same good

3   order, condition, and quantity as when received.  The bills of lading, which were

4   executed by and between, or on behalf of, Defendants and Plantiff's subrogors,

5   contained a clause designating the United States District Court of the Central

6   District of California as the mandatory and exclusive venue for the adjudication of

7   disputes.

8         7.    Thereafter, in breach of and in violation of said agreements,

9   Defendants, and each of them, did not deliver said cargo in the same good order,

10   condition, and quantity as when received as when received at Taoyuan, Taiwan.  To

11   the contrary, Defendants, and each of them, failed to deliver the cargo, which is

12   presumed lost at sea.  The value of the non-delivered cargo was $71,470.10.

13         8.    Prior to the shipment of the herein described cargo and prior to any loss

14   thereto, Plaintiff issued its policy of insurance whereby Plaintiff agreed to indemnify

15   the owner of the cargo and its assigns, against loss of or damage to said cargo while

16   in transit, including mitigation expenses, and Plaintiff has therefore become

17   obligated to pay, and has paid to the persons entitled to payment under said policy,

18   the sum of $71,470.10, on account of the herein described loss.

19         9.    Plaintiff has therefore been damaged in the sum of $71,470.10, or

20   another amount according to proof at trial, no part of which has been paid, despite

21   demand therefor.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and

2 against Defendants, and each of them; that this Court decree payment by

3 Defendants, and each of them, to Plaintiff in the sum of $71,470.10, together with

4 prejudgment interest thereon and costs of suit herein; and that Plaintiff have such

5 other and further relief as in law and justice it may be entitled to receive.

6

7                                Respectfully submitted,

8 Dated: October 3, 2022          GIBSON ROBB & LINDH LLP

9

10                               /s/ JOSHUA E. KIRSCH

11                               Joshua E. Kirsch
                                 jkirsch@gibsonrobb.com
12                               Attorneys for Plaintiff
                                 LIBERTY MUTUAL INSURANCE
13                               COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28